UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D.C.,[1]<br><br>                    Plaintiff,<br><br>         v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | Case No. 5:21-cv-02083-JC<br><br>MEMORANDUM OPINION<br><br>[DOCKET NOS. 16, 19] |

## I.    SUMMARY

On December 14, 2021, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of his application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment (respectively, "Plaintiff's Motion" and "Defendant's Motion").  The Court has taken the parties' arguments under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

---

[1]Plaintiff's name is partially redacted to protect plaintiff's privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 14, 2018, plaintiff protectively filed an application for Supplemental Security Income, alleging disability beginning April 19, 1994 (*i.e.*, at birth), due to bipolar disorder and anxiety disorder. (See Administrative Record ("AR") 126, 169).

An ALJ subsequently examined the medical record and, on September 24, 2020, heard testimony from a vocational expert and plaintiff (who was represented by counsel). (AR 28-45). On November 17, 2020, the ALJ determined that plaintiff has not been disabled since the date the application was filed. (AR 15-24). Specifically, the ALJ found: (1) plaintiff has the following severe impairments: intellectual disability and bipolar disorder (AR 17); (2) plaintiff's impairments, considered individually or in combination, do not meet or medically equal a listed impairment (AR 18); (3) plaintiff retains the residual functional capacity (or "RFC")[2] to perform a full range of work at all exertional levels but is limited to performing only simple, routine, and repetitive tasks with only occasional coworker contact and no public contact (AR 20); (4) plaintiff has no past relevant work (AR 22); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cleaner, store laborer, and industrial cleaner (AR 23-24); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were inconsistent with the medical evidence and other evidence in the record (AR 21-22).

---

[2]Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 416.945(a)(1).

On October 21, 2021, the Appeals Council denied plaintiff's application for review of the ALJ's decision. (AR 1-3).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded by regulation on other grounds; 20 C.F.R. § 416.905(a). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.     Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff claims that the ALJ erred by implicitly rejecting limitations assessed by consultative examiner Dr. Anthony Benigno, Psy.D. (See Plaintiff's Motion at 5-9). For the reasons stated below, the Court concludes that a reversal or remand is not warranted.

### A. Applicable Law

For claims filed on or after March 27, 2017, such as plaintiff's claims here, new regulations govern the evaluation of medical opinion evidence. Under these regulations, ALJs no longer "weigh" medical opinions; rather, ALJs determine which opinions are the most "persuasive" by focusing on several factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including the length of treatment, frequency of examinations, purpose of treatment, extent of treatment, whether the medical source examined the claimant); (4) the medical source's specialty; and (5) "other" factors. See 20 C.F.R. § 416.920c(c)(1)-(5).

Under the new regulations, treating and examining sources no longer receive special deference, and the ALJ no longer needs to provide "specific and legitimate" reasons to reject opinions from such sources. See 20 C.F.R. § 416.920c; Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022). Even so, in evaluating medical opinion evidence "under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." Woods, 32 F.4th at 792. Finally, the new regulations command that an opinion that a claimant is disabled or not able

to work is "inherently neither valuable nor persuasive," and an ALJ need not provide any analysis about how such evidence is considered. See 20 C.F.R. § 404.1520b(c)(3).

### B. Pertinent Facts

Dr. Benigno performed a consultative psychological examination of plaintiff on March 27, 2017. (AR 216-20). Dr. Benigno noted that plaintiff was not taking any psychotropic medication and had no past psychiatric hospitalizations or outpatient care. (AR 217). Plaintiff was alert, attentive, and cooperative during the exam. (AR 218). He was oriented as to person, time, and place, able to sustain concentration without distraction, and his thoughts were coherent and logical with appropriate content. (AR 218). Plaintiff's mood was euthymic, and no symptoms of depression and anxiety were reported. (AR 218). Plaintiff's memory was moderately impaired, but his recent and remote memory were intact, and he had adequate judgment and insight. (AR 218). Dr. Benigno noted that plaintiff had extremely low intellectual functioning, and his fund of knowledge was poor. (AR 218-19). Plaintiff stated that he got along fairly well with friends and family, and he reported that he could independently use a telephone, shop, and make meals, but he needed help completing household chores and laundry. (AR 217). Dr. Benigno diagnosed mild intellectual disability and provided the following assessment of plaintiff's functional limitations:

> [Plaintiff] would be able to understand, remember and carry out short, simplistic instructions with mild difficulty. He also would have moderate difficulty to understand, remember and carry out detailed and complex instructions. He would have mild difficulty to make simplistic work-related decisions without special supervision. He would have moderate difficulty to comply with job rules such as safety and attendance. He would have no difficulty to respond to change in a normal workplace setting. He would have moderate

      difficulty to maintain persistence and pace in a normal workplace setting. [¶] . . . . He presents with mild difficulty to interact appropriately with supervisors, coworkers and peers on a consistent basis.

(AR 220).

The ALJ found Dr. Benigno's opinion "persuasive" because it was consistent with the doctor's own physical examination of plaintiff and was also supported by the objective medical findings in the record. (AR 22). The only other medical opinions in the record were those of the non-examining agency consultants (*i.e.*, the "prior administrative medical findings"),[3] which the ALJ found "not persuasive" because they did not take into account the subsequent medical evidence and hearing testimony. (AR 22; see AR 48-52, 57-61). Considering the record overall, as noted above, the ALJ concluded that plaintiff was limited to performing "simple, routine and repetitive tasks with occasional coworker contact and no public contact." (AR 20).

### C. Analysis

Plaintiff's sole contention is that the ALJ erred by neglecting to include in the RFC Dr. Benigno's opinion that plaintiff "would have moderate difficulty to comply with job rules such as safety and attendance." (Plaintiff's Motion at 6-9; see AR 220). However, even though the ALJ found Dr. Benigno's opinion generally persuasive and did not expressly reject any portion of it, the ALJ was not required to adopt it verbatim in the RFC – particularly where, as here, the medical opinion at issue does not provide a clear functional restriction. Cf. Fergerson v. Berryhill, 2017 WL 5054690, at *4 (C.D. Cal. Nov. 1, 2017) ("In formulating the RFC, an ALJ is not required to make up restrictions that are not actually articulated

---

[3]The new regulations use the term "prior administrative medical findings" to refer to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 416.913(a)(5).

by any medical source . . . ."). Instead, the ALJ may reasonably translate such opinions into concrete limitations in the RFC, which must set forth the claimant's ability to perform work "on a regular and continuing basis." See 20 C.F.R. § 416.945(c) ("When we assess your mental abilities, we . . . determine your residual functional capacity for work activity on a regular and continuing basis"); see also 20 C.F.R. § 416.927(d)(2) (Social Security Commissioner has final responsibility for determining claimant's RFC); Social Security Ruling 96-5p, 1996 WL 374183, at *2 (Social Security regulations provide that final responsibility for determining RFC is "reserved to the Commissioner"); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (ALJ's RFC finding limiting claimant to "simple, routine, repetitive" work effectively "translated" the medical opinions, including assessments of moderate limitations related to pace, attention, and concentration).

      The ALJ did so here. Notably, Dr. Benigno did not state that plaintiff would miss a certain number of days, and plaintiff does not point to any evidence in the record suggesting that he would have any significant difficulty in maintaining adequate safety and attendance. To the contrary, as the ALJ noted, plaintiff's mental health records reflect mild findings overall with borderline intellectual functioning, and plaintiff was doing well on medications. (See AR 21-22, 225, 238-239, 241-43, 547, 548-50, 624, 703-06, 713-16). There is nothing in Dr. Benigno's assessment or the record overall to suggest that plaintiff's "moderate" difficulty in complying with attendance or safety rules would prevent him from working on a "regular and continuing basis," within the limitations assessed in the RFC. See Fergerson, 2017 WL 5054690, at *4 (requirement that RFC state claimant's ability to perform "work activity on a regular and continuing basis" is "not inconsistent with . . . a 'moderate' level of absenteeism").

      Accordingly, the ALJ did not err by neglecting to expressly include or reject Dr. Benigno's opinion that plaintiff "would have moderate difficulty to comply

with job rules such as safety and attendance" (AR 220).  See id. at *3-4 (ALJ was not required to expressly incorporate or explain rejection of doctor's general assessment of moderate limitation in attendance because opinion did not specify number of days claimant would be absent, and moderate attendance limitation was consistent with ability to work on "regular and continuing basis"); Sandra S. v. Kijakazi, 2022 WL 3355803, at *8 (S.D. Cal. Aug. 12, 2022) (same), report and recommendation adopted, 2022 WL 4180973 (S.D. Cal. Sept. 12, 2022); Turner v. Colvin, 2015 WL 5708476, at *3-4 (C.D. Cal. Sept. 29, 2015) (same), aff'd, 693 F. App'x 722 (9th Cir. 2017).  Plaintiff therefore fails to identify any material error in the ALJ's decision, which is reasonable and supported by substantial evidence in the record.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 4, 2023

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE